IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,985-01 AND WR-71,985-02






EX PARTE THOMAS REYNOLDS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20010D00659-409-1 AND 20000D05772-409-1 


IN THE 409TH JUDICIAL DISTRICT COURT

FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of aggravated assault in exchange for ten years' deferred adjudication community supervision, and
one charge containing two counts of engaging in organized criminal activity, in exchange for ten
years' straight probation. Applicant's straight probation was revoked in 2004, and he was granted
shock probation in that cause. In 2008, Applicant's guilt was adjudicated and his probation revoked,
and he was sentenced to seventeen years' imprisonment for the aggravated assault and ten years'
imprisonment for the engaging in organized criminal activity, to run concurrently. He did not appeal
his convictions.

 Applicant contends, inter alia, that his original trial counsel rendered ineffective assistance
because counsel coerced him into pleading guilty to both charges by telling him that he would stay
in county jail for more than two years awaiting trial, and that he would receive up to 40 years'
imprisonment if he took the cases to trial. Applicant also alleges that he was not competent at the
time of the pleas because he was denied psychiatric medications in jail, and alleges that counsel
knew that he was not competent. Applicant alleges that counsel promised him that he could get him
"off" probation in three years. He also alleges that it was an explicit condition of the plea
agreements that his probation would be transferred to Klamath County, Oregon, but that this did not
take place. Applicant alleges that he received a travel permit, and that after approximately one year
of living in Oregon and reporting by mail, he was informed by a probation officer that he would no
longer have to report by mail. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether Applicant could have been subject to a 40-year sentence
if he were convicted of all charges at trial. The trial court shall supplement the record with
information regarding the type of charge that was taken into consideration in sentencing in these two
cases under Texas Penal Code §12.45, and shall make findings as to what the range of punishment
for that charge would have been. The trial court shall make findings as to whether Applicant's pleas
were knowingly and voluntarily entered. 

 The trial court shall also make findings as to whether Applicant's probation was transferred
to Klamath County, Oregon, and whether such a transfer was an explicit part of the plea agreements. 
If Applicant's probation was not transferred but he was allowed to move to Oregon, the trial court
shall make findings as to whether Applicant was informed that he would no longer have to report
by mail to his probation officer. The trial court shall make findings as to whether it was this failure
to report that caused the revocation of Applicant's probation. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 3, 2009

Do not publish